# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60044
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 29, 2015

Lyle W. Cayce
Clerk

RAEL A. ODONGO,

       Petitioner

v.

OFFICE OF THE CHIEF ADMINISTRATIVE HEARING OFFICER;
CROSSMARK, INCORPORATED,

       Respondents

---

Petition for Review of an Order
of the United States Department of Justice
Executive Office of Immigration Review
Office of the Chief Administrative Hearing Officer
OCAHO No. 13B00085

---

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

      Petitioner Rael A. Odongo petitions for review of an order of the administrative law judge ("ALJ") dismissing her complaint alleging retaliation and document abuse in violation of the Immigration Reform and Control Act

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60044

of 1986 ("IRCA"), 8 U.S.C. § 1324b.   Finding no error, we deny Odongo's petition.

## BACKGROUND

Odongo, a non-citizen authorized to work in the United States, was hired on June 6, 2011 by Appellee Crossmark, Incorporated as a merchandising services project administrator.   Odongo's most recent Employment Authorization Document ("EAD") was set to expire on March 8, 2013. Beginning ninety days in advance of that date, Odongo received a series of notices from Crossmark that her work authorization was set to expire.   These notices stated, "In order for us to continue to employ you, we must re-verify your employment eligibility."   On March 7, 2013, having still not received Odongo's new work permit, Odongo's direct supervisor and regional supervisor met with her.   At the meeting, Odongo was told that unless her card was renewed, she would be terminated at the end of the next day.   At the end of the day on March 8th, Odongo cleaned out her desk, turned in her laptop and employee badge, and took her personal belongings with her.

In the days following Odongo's termination, her direct supervisor requested her assistance with several work related matters.   Odongo spent approximately four hours on these tasks.   On March 12, 2013, in an effort to regain her job, Odongo notified her regional supervisor that her new EAD had been approved and was in production.   On March 14, 2013, Odongo sent a text message to her direct supervisor notifying her that Odongo was in communications with an immigration attorney and that Odongo was planning to report Crossmark to the Department of Justice ("DOJ") regarding certain immigration law violations and document abuses.   Later that day, Odongo discovered that her project administrator position had been filled.  In response, Odongo filed a charge with the Office of Special Counsel for Immigration-Related Unfair Employment Practices and a subsequent complaint with the

2

No. 15-60044

DOJ Executive Office for Immigration Review, Office of the Chief Administrative Hearing Officer ("OCAHO"). The OCAHO ALJ granted Crossmark's motion for summary decision. Odongo now seeks our review of the ALJ's decision.

## DISCUSSION

We uphold agency findings that are supported by substantial evidence. *Wije v. Barton Springs*, 81 F.3d 155, at \*1 (5th Cir. 1996) (unpublished). We review conclusions of law *de novo. Id.* Odongo contends that her expired EAD was pretext for her termination and that she was instead fired for engaging in protected conduct under 8 U.S.C. § 1324b(a)(5). The ALJ rejected Odongo's retaliation claim on several bases including that Odongo had not demonstrated that her termination was in response to her protected conduct. The ALJ further rejected Odongo's document abuse claim because Odongo had not shown that Crossmark failed to accept valid documentation of her work authorization prior to her termination. We affirm these findings.

Substantial evidence supports the conclusion, fatal to Odongo's retaliation claim, that the decision to terminate Odongo on March 8th was made well in advance of Odongo's meeting with her supervisors on March 7th.[1] Odongo's supervisors told her on March 7th that in the absence of work authorization renewal by the end of the day on March 8th, she would be terminated. Moreover, Odongo received numerous notifications that she would not continue to be employed by Crossmark if she did not re-verify her employment eligibility. Therefore, any statements Odongo subsequently made to her supervisors regarding her intentions to report their employment practices had no causal effect on Odongo's termination.

---

[1] Odongo concedes in her brief that a finding that her termination occurred prior to March 14, 2013 forecloses her retaliation claim.

3

Additionally, substantial evidence supports the finding that Odongo failed to provide valid documentation to Crossmark, a prerequisite to a document abuse claim. Odongo was terminated on March 8th, yet her EAD was not renewed until March 12, 2013. Thus, Odongo did not possess valid documentation at the time of her termination.

For these reasons, we **DENY** the petition for review.